IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities<br><br>        Plaintiff,<br><br>vs.<br><br>THE UNITED STATES, PRESIDENT JOE BIDEN, VICE PRESIDENT KAMALA HARRIS, ALL BIDEN CABINET OFFICERS, ATTORNEY GENERAL MERRICK GARLAND, SECRETARY OF HEALTH AND HUMAN SERVICES XAVIER BECERRA, SURGEON GENERAL DR. VIVEK MURTHY, and UNITED NATIONS AMBASSADOR LINA THOMAS-GREENFIELD,<br><br>        Defendants, | CV 23-94-H-BMM-KLD<br><br>ORDER and FINDINGS AND RECOMMENDATION |

On December 26, 2023, pro se Plaintiff The Excellent The Excellent Raj K. Patel filed a motion for leave to proceed in forma pauperis (Doc. 2) and lodged an Emergency Pro Se Petition for a Writ of Mandamus against the above-named Defendants. (Doc. 1). Patel has also filed a Motion to Perfect Service (Doc. 4), a nearly identical Emergency Pro Se Amended Petition for a Writ of Mandamus

1

(Doc. 7), a Motion to Expedite a favorable decision (Doc. 8), and a Motion to Skip Magistrate Judge (Doc. 10).

## I.     Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On December 26, 2023, Patel completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc. 2). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

## II.     Screening Requirement

Because Patel is proceeding in forma pauperis, the Court must review his complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

The court retains discretion in determining whether a pleading is "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A pleading is frivolous if it has no "arguable basis in law or fact." *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). *See also*, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The term "frivolous . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. In considering whether a pleading is frivolous, the court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, the court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are fanciful, fantastic, or delusional. *Denton*, 504 U.S. at 32-33 (citing *Neitzke*, 490 U.S. at 325, 327-8). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; *see also, In re Thomas*, 508 F. 3d 1225, 1227 (9th Cir. 2007) (reaffirming that a court may dismiss an in forma pauperis case "as frivolous before service of process when the complaint recites 'bare legal conclusions with no suggestion of supporting facts, or postulat[es] events and circumstances of a wholly fanciful kind'…") (citations omitted).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim."

3

See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### III.   Analysis

Patel identifies himself as a citizen and resident of Indiana, has provided the Court with an Indiana mailing address, and has no apparent connection to Montana. (Doc. 1). Patel's pleadings are difficult if not impossible to understand, and are filled with delusional and fantastical factual allegations.

Patel alleges that Defendants entered into an agreement with him by which they promised to protect him from assault and battery. (Doc. 1 at 2). He asserts that Defendants then breached that agreement by assaulting and battering him and failing to protect him, and "negligently, recklessly, or wantonly caused or allowed a thing to assault and batter" him. (Doc. 1 at 2-3). Patel accuses Defendants of

causing him to suffer from "[f]atigue, depression, stress, laziness, nuisance," and a litany of "physical deformities." (Doc. 1 at 3).

Patel states "[t]here is a los[s] of control of what is inside plaintiff's own person." (Doc. 1 at 4). He asserts he "is under a stress technology that throws a 'punch' every second," and that "[t]he stress technology causes fatigue, depression, stress, laziness, nuisance, and physical deformities, including through obesity." (Doc. 1 at 5).

Patel claims he "has no other means of requesting relief," and alleges he is entitled to mandamus relief because he is a "Basis Officer," and the United States "government has created treaties to protect one's person, privacy, and other liberties," including his right to be "free from a nuisance of a ringing sound inside [his] ears." (Doc. 1 at 11). Patel accuses Defendants of violating these "intuitive" treaties, and asks the Court to grant complete relief and "terminate the mental pain and suffering of the ringing sound" in his ears. (Doc. 1 at 12).

Patel provides an Appendix of Sample Claims, ranging from Assault and Battery to Common Law Fraud and Intentional Infliction of Emotional Distress. (Doc. 1 at 14-21). The claims contain similarly delusional allegations, including for example that in 2018 Patel "realized that white, ring-shaped circular lights flew out of his computer and then his window and went up plaintiff's eyes and nose

which began a severe depression episode," and the Defendants "entered into a contract for the purpose against abnormally dangerous things such as human nature and its inherent dominate kvanish desires to inflict harm or those who are unreasonable." (Doc. 1 at 15, 20)

Patel has recently been described as "a serial litigant who has filed a series 'of a sprawling complaint[s]' in courts across the nation." *The Excellent the Excellent Raj K. Patel*, 2023 WL 8447935, at *2 (D. N.J. Dec. 6, 2023) (quoting *Patel v. United Parcel Servs.*, 207 N.E.3d 1218 (Ind. Ct. App. 2023) and collecting several other federal court cases filed by Patel that have been dismissed as frivolous). In at least one recent case, Patel's pleadings are substantively identical to the Petitions for a Writ of Mandamus he has filed in this Court. *Patel v. United States et. al,* 2023 WL 8447935 (D. Haw. Dec. 29, 2023). The Hawaii federal district court denied Patel's petitions and dismissed his claims as frivolous, nonsensical, and delusional at the prescreening stage. *Patel*, 2023 WL 8447935.

The Court reaches the same conclusion here. Patel's claims are patently frivolous and plainly fall with the class of "clearly baseless" claims that a district court may dismiss as frivolous. *See Denton*, 504 U.S. at 32-33.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not

be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted). But here, there is no reason to believe the factual allegations could be remedied through amendment or more specific pleading because the claims are inherently frivolous. *See, Lopez v. Smith*, 203 F. 3d 1122, 1127 n. 8 (9th Cir. 2000) (en banc).

For the reasons discussed above, the Court enters the following:

## ORDER

IT IS ORDERED that Patel's motion to proceed in forma pauperis (Doc. 2) is GRANTED and his filing fee is waived. The operative pleading is deemed filed on December 26, 2023.

IT IS FURTHER ORDERED that Patel's Motion to Perfect Service (Doc. 4), Motion to Expedite a favorable decision (Doc. 8), and Motion to Skip Magistrate Judge (Doc. 10) are DENIED.

## RECOMMENDATION

IT IS RECOMMENDED that:

1.    Patel's Petitions for a Writ of Mandamus (Docs. 1, 7) be DENIED and this action be DISMISSED as frivolous.

2.    The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in

good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Patel may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal

Patel must immediately advise the Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 5th day of February, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge